IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN EDWARD VILLNAVE, )<br>           Petitioner, )<br>  )<br>v. )<br>  )<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>           Respondent. ) | No. 3:14-CV-1997-D |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**1.     Procedural Background**

Petitioner challenges his conviction felony driving while intoxicated in this habeas corpus proceeding brought under 28 U.S.C. § 2254. *State of Texas v. Steven Edward Villnave*, F-1322214 (291st Jud. Dist. Ct., Dallas County, Apr. 29, 2013). He was sentenced to fifty years in prison.

On February 28, 2014, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Villnave v. State*, No. 05-13-00617-CR, 2014 WL 1018349 (Tex. App. – Dallas Feb. 28, 2014, pet. ref'd). On May 7, 2014, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

On April 13, 2014, Petitioner filed a state habeas petition. *Ex parte Villnave*, No. 64,007-07. On August 7, 2013, the Court of Criminal Appeals dismissed the petition because Petitioner's direct appeal was still pending.

On May 29, 2014, Petitioner filed the instant § 2254 petition. On September 11, 2014, Respondent filed his answer. On September 23, 2014 and October 2, 2014, Petitioner filed replies. The Court determines the petition should be dismissed for failure to exhaust state remedies.

**2.    Discussion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner raised one claim on direct appeal and also raised this one claim in his petition for discretionary review. This claim alleged that his jury waiver was involuntary because the trial court erroneously admonished him about his eligibility for community supervision. Petitioner does not raise this claim in his current federal petition, but instead raises other claims that were not presented to the Court of Criminal Appeals in his petition for discretionary review. Although Petitioner argues that he filed *pro se* briefing raising these claims

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

on direct appeal and in his petition for discretionary review, the appellate court and Court of Criminal Appeals did not consider the *pro se* claims because Petitioner was represented by counsel. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (declining to review claims filed in *pro se* brief, stating defendant is not entitled to hybrid representation); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (same).

The Court of Criminal Appeals also did not consider the claims in Petitioner's state habeas petition. That petition was filed while Petitioner's direct appeal was pending. The petition was therefore dismissed. Petitioner has not properly presented his claims to the Texas Court of Criminal Appeals. His claims should be dismissed for failure to exhaust his state remedies.

**3.     Recommendation**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 8th day of October, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).