IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD VILLNAVE, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:14-CV-1997-D |
| VS. | § | |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the October 8, 2014 findings, conclusions, and recommendation of the magistrate judge, and petitioner Steven Edward Villnave's ("Villnave's") objections filed on November 10, 2014, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In addition to overruling Villnave's objections, the court denies his October 20, 2014 motion for abeyance. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the discretion to stay a "mixed" petition—that is, a single petition that contains some claims that have been exhausted in state court and some that have not—to enable the petitioner to present his unexhausted claims to the state court and then return to federal court. *Id.* at 277. But such stays are available only when the district court determines that there is good cause for the petitioner's failure to exhaust his claims in state court, where the claim is not plainly meritless, and where the petitioner has not engaged in intentional delay. *See Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277). *Rhines* does not apply to this case because Villnave has not

brought a "mixed" petition for habeas relief. Instead, his petition in this court contains only unexhausted claims. *See, e.g., Guess v. Dir., TDCJ-CID*, 2012 WL 3984892, at *3 (E.D. Tex. Sept. 10, 2012) (concluding that *Rhines* did not apply to petitioner's "unmixed" petition for habeas relief, in which none of his claims had been exhausted). Furthermore, even if *Rhines* does apply to "unmixed" petitions—one circuit, but not the Fifth Circuit, has expanded *Rhines* to apply to certain unmixed petitions—Villnave's petition must still be dismissed, because he has not shown good cause for failing to exhaust his claims in state court before filing this petition in federal court. The court therefore denies Villnave's motion for abeyance.

Villnave's petition is dismissed without prejudice for failure to exhaust his state-court remedies.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( )  petitioner may proceed *in forma pauperis* on appeal.

(**X**)  petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

February 26, 2015.

                                                      _____
                                                      SIDNEY A. FITZWATER
                                                      UNITED STATES DISTRICT JUDGE